**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 18-00108 (ESL)** |
| **CATHOLIC SCHOOL EMPLOYEES PENSION TRUST** | **CHAPTER 11** |
| **Debtor** | |

**OPINION AND ORDER**

On January 11, 2018 the Debtor, Catholic School Employees Pension Trust ("Pension Trust"), filed a voluntary petition under chapter 11 of the Bankruptcy Code. The bankruptcy case came before the court on March 6, 2018 for an evidentiary hearing to consider the motions to dismiss filed on February 6, 2018 by Ms. Yali Acevedo, on her own and in representation of 180 other plaintiffs in case number SJ2016cv00131 before the Court of First Instance, San Juan, Puerto Rico; Mr. Francisco Abreu, on his own and in representation of six (6) other claimants in case number A1C201700317 before the Court of First Instance, Aguadilla, Puerto Rico; and on February 7, 2018 by Edda D. González-Vázquez, creditor and plaintiff in Civil Case No. 16-2077 (JAG) before the U. S. District Court for the District of Puerto Rico, (the "Movants"). The Movants allege that the Debtor is ineligible to file a bankruptcy petition because the Pension Trust is not a "person" under §101(41), nor a "corporation" under §101(9) of the Bankruptcy Code.[1] The basis of Movants' allegations is that the Debtor has no ongoing income generation activities and does not engage in active business activity to be considered a "business trust", and, thus meet the definition of a corporation in §101(9)(A)(v). On February 20, 2018

---

[1] All references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

the Debtor filed an opposition to the motion to dismiss alleging that the Pension Deed of Trust has the attributes of a "corporation" and engages in commercial activities.

**Legal Issue**

The key legal issue before the court is whether the Pension Trust is a business trust eligible to file a bankruptcy petition. Allegations and proffers concerning the economic reasons which prompted the filing of the bankruptcy petition, as well as the effect that the filing had on pending actions before the Puerto Rico courts and the U. S. District Court for the District of Puerto Rico are not, at this juncture, relevant to the eligibility issue. These allegations are aimed at determining whether the petition was filed in "good faith," that is, to preserve and maximize assets for the benefit of creditors of the estate. Good faith is not a statutory requirement for filing a chapter 11 petition, but may constitute cause for the dismissal of the same. See In re Costa Bonita Beach Resort, Inc., 479 B.R. 14, 39 (Bankr. P. R. 2012). The court need not delve on this fact intensive analysis as the eligibility issue is dispositive of the determination on whether or not the bankruptcy petition should be dismissed.

**Jurisdiction**

This court has jurisdiction over the instant contested matter as a core proceeding pursuant to 28 U.S.C. §§157(a), 157(b)(2) (A, O), and 1334(b). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

**Background**

The following background is based on the uncontested facts submitted by the parties.

The Pension Trust was established on November 26, 1979. The Pension Trust deed includes the "Catholic Schools of the Archdiocese of San Juan Pension Plan" as its only attachment. The settlor of the trust and sponsor of the Pension Plan is the Superintendence of Catholic Schools of the Archdiocese of San Juan.

The assets of the trust are mainly contributions made by Participant Employers, and also include income, interests, dividends received from its investments. The Participating Employers are religious organizations. The participant employees and beneficiaries eligible to receive pensions do not directly contribute to the Pension Plan fund.

The Pension Plan trust is administered by a Board of Trustees, who oversee compliance with the terms and conditions of the Pension Trust and the Pension Plan. Article III of the Trust Agreement provides that the Trustees shall discharge their duties with respect to the Pension Trust to minimize the risk of large losses, will discharge their duties with due diligence, and that transferability of Trust property is limited to qualified persons.

On March 14, 2016 the Board of Trustees decided to terminate the Pension Plan and informed all plan participants that it would cease making pension payments as of June 30, 2016. The Board of Trustees informed that the Plan would be liquidated to prevent the depletion of the remaining assets. The last pension payments were made on June 30, 2016.

**Position of the Parties**

Yali Acevedo and Francisco Abreu on their own and in representation of other plaintiffs in cases before the Puerto Rico courts request the dismissal of the voluntary chapter 11 petition filed by the "Pension Trust" alleging that the Pension Trust is not eligible to file for bankruptcy relief because it is neither a "person" under §101(41) nor a "corporation" under §101(9) of the Bankruptcy Code. The movants are pensioners, plan participants and beneficiaries of the Pension Trust. They allege that the Pension Trust has no ongoing income generating activities, does not engage in active business activity, and is a "wasting asset" declining in value, and, consequently, is not a "business trust."

In addition, the movants represent that the Pension Fund was terminated on June 30, 2016 and that the participating schools have discontinued their contributions to the Pension Trust fund.

-3-

The document establishing the trust fund specifically provides that the Pension Trust is prohibited from conducting any further business upon the Plan's termination, and may only proceed to liquidate and apportion the assets for the benefit of the beneficiaries.

Edda D. González-Vázquez, creditor and beneficiary in pay status in a case presently before the U. S. District Court for the District of Puerto Rico, also challenges the eligibility of the Pension Trust to file a bankruptcy petition since it is not a "person" nor a "corporation" as defined in the Bankruptcy Code, and consequently, the "Pension Trust" is not a "business trust" under 11 U.S.C. §101(9)(A)(v). The moving creditor alleges that the Pension Trust cannot be considered a "business trust" because it does not have the attributes of a corporation and was not formed primarily for a business purpose. The Pension Trust was not created for a business purpose but for the exclusive benefit of the beneficiaries of the pension plan. Specific reference is made to the prohibition in the Pension Trust plan document to the transfer of the beneficial interests of the trust, a factor that has been considered when determining whether a trust is a business trust. The creditor also refers to the trust as a "wasting asset" declining in value as a function of time.

The Debtor has replied to the motions to dismiss alleging that the Pension Trust "has the attributes of a corporation and the Board of Trustees serves as the Board of Directors with powers to manage and take decisions that would impact the funds in favor of the investors (Participating Employers)." The commercial activities allegedly undertaken by the Pension Trust include: invest in capital markets, manages portfolios, and supervises investments; keep a payroll for regular employees for its support and routine maintenance; conduct business which require specific accounts with the IRS, Puerto Rico Treasury Department and the State Insurance Fund; serve as an account receivable division to collect from Participating Employers; invoice on

-4-

a regular monthly basis; and manage and contract professionals such as attorneys, accountants, financial advisors and money managers.

The Debtor also addresses the financial difficulties of the trust and the factors that have influenced and contributed to its insolvency. The financial difficulties caused the Board of Trustees to terminate the Plan on March 14, 2016. The Pension Trust "informed all participants that it would cease making pension payments as of June 30, 2016, because the Plan would be liquidated to prevent the Trust's remaining assets from being depleted." The termination notices triggered civil actions against the Pension Trust, which have had the effect of further eroding the Pension Trust's assets.

The Debtor refers to sections in the Pension Plan Document that give the right to terminate the plan; that participants and beneficiaries are entitled only to their allocable share of the funds remaining in the Trust; and that upon termination the fiduciaries shall proceed to liquidate the fund and allocate the funds, and if the funds are not sufficient, the same will be distributed and allocated equitably. The Debtor further states that upon making payment the trustees will be relieved from liability.

The court notes that the Debtor's financial difficulties are not directly related to the eligibility of the Debtor to commence a bankruptcy petition; and that the referred sections of the Pension Plan do not affect the eligibility requirement, as the same address the reasons for filing a bankruptcy petition. The allegation that the filing of the petition for the orderly liquidation of the trust in a chapter 11 scenario does not answer the Pension Trust's eligibility to file a bankruptcy petition, nor does the allegation that the filing aimed to prevent a certain group of beneficiaries to frustrate "all liquidating efforts and possibilities." Contrariwise, the allegations raise the inference that the Debtor was not conducting business activity but preserving the trust funds to allocate the same to the beneficiaries upon termination.

### **Evidence Presented at Hearing**

The evidence presented at the hearing consists of the Pension Trust deed and Pension Plan submitted as Joint Exhibit I and the testimony of Dr. Ramón A. Guzmán Rivera ("Dr. Guzmán"), President of the Board of Trustees ("Board").

Dr. Guzmán was appointed as a member of the Board in 2011 by the Superintendent of Catholic Schools of San Juan Archdiocese, the Plan sponsor, and became its President in 2012, when the Board members elected him. He testified that his main duties and responsibilities were: preside over meetings, organize meetings and agendas, receive information from the Plan Director, communicate the information received from the Plan Director to the other Board members, recommend candidates to be members of the Board, and participate on Board determinations regarding the Pension Plan and its funds.

At the time Dr. Guzmán became President of the Board, the Pension Plan was undergoing difficult financial problems, particularly as to the investment of Pension Plan funds, as the fund was a limited fund which only received contributions from participating employers. Therefore, there was a need to make the fund grow.

During his tenure as President the fund had only two employees. A full-time plan administrator who controlled payments made to and by the Plan, and invoicing employer participants. The other employee is a part-time administrative assistant who is responsible for preparing and submitting all necessary forms.

On March 16, 2016, after a meeting with the participating employers, a determination to terminate the Pension Plan was made. As a result of the termination, payments under the plan

-6-

ceased on July 1, 2016.  Notwithstanding, collection efforts on contributions owed by employer participants continued.

Dr. Guzmán made reference of the power of trustees to invest and the trust deed due diligence provisions.  He opined that the filing of a bankruptcy petition was the more equitable solution for all concerned parties in light of the existing difficulties.

Upon cross-examination by counsel for the movants, Dr. Guzmán candidly admitted to the following facts regarding the Pension Trust:  the pension trust does not have an inventory of goods for sale, the trust has no machinery or equipment, has no real estate, and has no intellectual property.  All that the trust has is the moneys contributed by the plan employers, and the interest and dividends generated by the same.  The Pension Trust does not have outstanding loans from third parties, nor a line of credit.  Dr. Guzmán also testified that the trust is a not for profit organization, that the only source of income is the employer contributions, and that the Board trustees are responsible for the administration of the trust funds.  The main purpose of the trust is to preserve the funds in order to pay beneficiaries and operational expenses.  The main obligation of the Board trustees is to receive the funds from participating employers, deliver the same to investment companies, and distribute the funds to beneficiaries. Thus, the trust's aim is to preserve the trust funds.

### **Applicable Law**

The eligibility of a debtor to commence a bankruptcy case is strictly regulated by the Bankruptcy Code.

A voluntary case under a chapter of title 11of the United States Code (the Bankruptcy Code) is commenced by the filing of a petition with the bankruptcy court by an entity that may be a debtor under such chapter. 11 U.S.C. §301.  The term "entity" is broad and includes: person,

-7-

estate, trust, governmental unit, and the United States trustee.  11 U.S.C.§101(15).  A "debtor" is a person or municipality commencing a case under the Bankruptcy Code.  11 U.S.C. §101(13).

Section 109 of the Bankruptcy Code ("Who may be a debtor") governs the eligibility to be a debtor in a case under title 11, both generally and specifically under each of the operative chapters in title 11. Section 109(d) provides that only a "person" may be a debtor under chapter 7 and 11.  A "person" is a defined term in bankruptcy, which includes: individuals, partnerships and corporations. 11 U.S.C. §101(41). The definition of "corporation" is limited to business entities, including a "business trust." 11 U.S.C. §101(9)(A)(v).

The Bankruptcy Code does not define what is a "business trust." The Bankruptcy Code, not state law, determines if the debtor is a business trust eligible to commence a bankruptcy case. In re John Q. Hammons Fall. 2006, LLC, 573 B.R. 881, 891fn33 (Bankr. D. Kan. 2017). However, eligibility issues regarding whether or not a trust is a business trust that may commence a bankruptcy case does mean that the bankruptcy court will ignore state law on substantive issues regarding the trust, if required to do so.

In order to determine whether the "Catholic School Employees Pension Trust" is a business trust, the court must engage in a fact-specific analysis considering the totality of the circumstances based on the trust documents and the actual operations of the trust. In re Blanche Zwerdling Revocable Living Trust, 531 B.R. 537 (Bankr. D. N.J. 2015). Relevant factors to make the determination that a trust is a business trust are whether the trust was created for the purpose of carrying a business, as opposed to the preservation of the *res*, whether the trust has the attributes of a corporation, whether the trust engages in business-like activities, and whether the trust has a profit motive. In re Secured Equipment Trust of Eastern Air Lines, Inc., 38 Fed. R. 86 (2d Cir Court of Appeals 1994). See: Jared W. Speier, Clarifying The Business Trust in Bankruptcy: A Proposed Restatement Test, 43 Pepp. L. Rev. 1065 (2016); and David S. Jennis,

Kathleen L. DiSanto, <u>Trust or Debtor: You Decide</u>, 32 Dec. Am. Bankr. Inst. J. 34 (December 2013).  The basis for the view that to qualify as a business trust, the trust must have the attributes of a corporation, especially the transferability of interests, stems from the decisions by the Honorable James E. Yacos in <u>In re Gonic Realty Trust</u>, 50 B.R. 710 Bankr. N.H. 1985) and <u>In re Woodsville Realty Trust</u>, 120 B.R. 2 (Bankr. N.H. 1990).  See <u>In re Parade Realty, Inc., Employees Retirement Pension Trust</u>, 134 B.R. 7 (Bankr. D. Haw. 1991). This court agrees with such rationale.

A trust that is passive because "it is not engaged in active management of assets with a goal of increasing its profitability or value" - - - irrespective of whether it is involved in commercial transactions - - - is not a business trust eligible to file bankruptcy.  Robert J. D'Agostino, <u>The Business Trust and Bankruptcy Remoteness</u>, 2011 Ann. Surv. Of Bankr. Law 4, Volume 2011 (September 2011).  The above analysis was used by this court in <u>In re Gulfcoast Irrevocable Trust</u>, 2012 WL 6005716, Bankr. D. P.R. November 30, 2012; and is reaffirmed in the instant case.

### **Discussion**

After due consideration of the pension trust documents, the Pension Plan, the uncontested facts as the parties presented the same to the court, and the applicable law, the court concludes that the Debtor Pension Trust is not a business trust.  The trust was established to secure payment to beneficiaries.  Therefore, its purpose was to preserve the principal of the contributions made by the employer participants and the interest generated by the principal. The purpose of the trust was not to generate income or profit.

The business activities referred to by the Debtor were not corroborated by the trust deed, the pension plan, nor the testimony of Dr. Guzmán.  The actual Pension Trust activities are only

incidental to the Board trustees' responsibility of protecting and preserving the *corpus* or *res* of the trust.

**Conclusion**

In view of the foregoing, the motions to dismiss filed by the movants are granted. The court finds that the debtor trust is not a business trust, and, thus, is ineligible to file a bankruptcy petition. Therefore, the instant petition is hereby dismissed as the debtor trust does not meet the definition of a corporation in §101(9)(A)(v).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th. day of March 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge

-10-