**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 18-00108 (ESL)** |
| **CATHOLIC SCHOOL EMPLOYEES PENSION TRUST** | **CHAPTER 11** |
| **Debtor** | |

<u>OPINION AND ORDER</u>

This case is before the court upon *urgent motion to stay proceedings pending appeal* (the "*Motion for Stay Pending Appeal*") (Docket No. 63) filed by the Catholic School Employees Pension Trust arguing that: (1) the creditors who sought dismissal of the captioned case will proceed to attach and foreclose the totality of Debtor's assets for the benefit of only a fraction of Debtor's creditors or beneficiaries and, consequently, the merits of the appeal will become moot with no possibility of relief in favor of the Debtor; (2) there is "substantial possibility" of success on the merits of the appeal, considering that (a) the court relied on the present business activities of the Trust, after termination, and "failed to consider the trust documents themselves or the decades of business activities that the Trust engaged in"; and (b) the court did not considered how the Trust has the attributes of an "insolvent corporation" or "facts which entered the record uncontested as part of the expert testimony of CPA Luis Carrasquillo"; (3) irreparable harm will occur with the embargo of the trust funds considering that, although the harm is "economic in nature because it relates to a dollar amount, the effect of not protecting it will have a devastating social effect on more than two thousand creditors" and the estate will lack the necessary resources to avoid and recuperate the funds; (4) a balance of hardships to the parties warrant the imposition of the stay since the creditors' interest will be protected by the preservation of the estate; and (5) the public interest is preserved "because the assets will be maximized for the benefit of all pension beneficiaries/creditors as opposed to just a fraction of such creditors that are seeking to attach the funds".

For the reasons stated herein, the *Motion for Stay Pending Appeal* is hereby denied.

Procedural Background

On January 11, 2018, the Debtor, Catholic School Employees Pension Trust ("Pension Trust"), filed a voluntary petition under chapter 11 of the Bankruptcy Code. The bankruptcy case came before the court on March 6, 2018, for an evidentiary hearing to consider the motions to dismiss filed on February 6, 2018, by Ms. Yali Acevedo, on her own and in representation of 180 other plaintiffs in case number SJ2016cv00131 before the Court of First Instance, San Juan, Puerto Rico; Mr. Francisco Abreu, on his own and in representation of six (6) other claimants in case number A1C201700317 before the Court of First Instance, Aguadilla, Puerto Rico (Docket No. 14); and on February 7, 2018, by Edda D. González-Vázquez, creditor and plaintiff in Civil Case No. 16-2077 (JAG) before the U. S. District Court for the District of Puerto Rico (Docket No. 18), (the "Beneficiaries/Creditors").

At the conclusion of the evidentiary hearing, the court issued a bench ruling concluding that the Debtor is not a business trust and that the petition be dismissed (Docket No. 51). Furthermore, on March 13, 2018, the Court entered an *Opinion and Order* granting the motions to dismiss filed by Beneficiaries/Creditors as the debtor trust did not meet the definition of a corporation pursuant to 11 U.S.C. §101(9)(A)(v). (Docket No. 52).

On March 19, 2018, the Pension Trust filed a *Notice of Appeal* of the *Opinion and Order* to the Bankruptcy Appellate Panel for the Frist Circuit (the "BAP") (Docket No. 55). On March 20, 2018, the court entered an *Appeal Transmittal Form* to the BAP including a copy of the court docket, minute of hearing held on March 6, 2018, copy of the *Opinion and Order* appealed and the *Notice of Appeal* (Docket No. 58).

On March 23, 2018, the Pension Trust filed *Appellant's Designation of Items to be included in the Record and Statement of Issues on Appeal* as follows:

1. Whether the Bankruptcy Court committed a reversible error in concluding that the Debtor is not a business trust and is therefore ineligible to file a bankruptcy petition.

2. Whether the Bankruptcy Court erred in only considering the time period after the Pension Trust was terminated, rather than examining the totality of the

-2-

evidence presented, the trust documents, the powers conferred upon the trustees and the decades of business activities that the Pension Trust engaged in prior to termination.

3. Whether the Bankruptcy Court's erred by finding that the purpose of the trust was solely to preserve the res, instead of maximizing it.

4. Whether the Bankruptcy Court erred in giving too much weight to the issue of transferability of assets of the Pension Trust and in concluding that there was a lack of transferability.

Docket No. 62, p. 3, ¶¶ 1-4.

Applicable Law and Analysis

A motion for stay pending appeal is governed by Fed. R. Bankr. P. 8007. The allowance of a motion for stay pending appeal is discretionary. *In re MJS Las Croabas Props.*, 2015 Bankr. LEXIS 1159; 2015 WL 4039393 (2015). Courts consider the traditional four-part standard applicable to preliminary injunctions as the standard for a stay pending appeal. *Acevedo-García v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir. 2002). The court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." *Id.* at 16, fn. 3, citing *Hilton v. Braunskill*, 481 U.S. 770, 776-777 (1987). The first two factors of the traditional standard are the most critical. *Nken v. Holder*, 556 U.S. 418, 434 (2009). As acknowledged by the Supreme Court at *Nken*, "[i]t is not enough that the chance of success on the merits be "better than negligible" (citation omitted).…[M]ore than a mere 'possibility' of relief is required…" "By the same token, simply showing some "possibility of irreparable injury" fails to satisfy the second factor". (citation omitted) *Id.* at 434-435.

"'The *sine qua non* [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'" *Acevedo Garcia* at 16, *quoting Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993). The degree of likelihood of success is not determinative, as it must be balanced with the hardships caused to the parties if the injunction is not granted. If the movant's showing of probable success on the merits is uncertain, he/she/it may be entitled to a preliminary

injunction if he/she/it demonstrates a strong probability that he/she/it will be injured if the court fails to act. See Wright, Miller & Kane, 11A *Federal Practice and Procedure* § 2948.3 (2nd ed. 2014). To establish irreparable harm, the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996). "If the [movant] suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel.'" *Id.* at 19.

"In order to grant the motion for stay pending appeal all four prongs must be satisfied. Failure to meet the four prongs dooms the motion." *Rivera v. Lake Berkley Resort Master Ass'n (In re Rivera)*, 532 B.R. 425, 427 (2015, *In re MEDSCI Diagnostics, Inc.*, 2011 Bankr. LEXIS 283 at *8, 2011 WL 280866 at *3 (Bankr. D.P.R. 2011).

a. *Success on the Merits*

In the instant case, the court is not persuaded that the Pension Trust will likely succeed on the merits of the appeal. The Pension Trust argues that the court did not considered the trust documents nor "the decades of business activities that the Trust engaged in". The Debtor states that the court based its reasoning "solely upon the fact that the Trust had been terminated, instead of considering its constitutional documents, former business activities and current maximization of the assets before liquidation", in order to determine that the Pension Trust did not met the requirements of a corporation pursuant to 11 U.S.C §109((A)(9)(v). The Debtor suggests that when the Court followed the rationale of *In Re Blanche Zwedling Revocable Living Trust*, 531 B.R. 537 (Bankr. D., N.J. 2015), the court limited its analysis to "the totality of the circumstances based on the trust documents and the actual operation of the Trust", constricting the court's consideration to a "temporal aspect" in relation to the trust's activities after its termination.

However, nothing in the *Opinion and Order* suggests the temporal constriction argued by Debtor. Debtor refers to "decades of business activities" of the trust that the court was unable to corroborate by the trust deed, the pension plan, and the testimony of Debtor's only witness, Dr. Ramón A. Guzmán Rivera, President of the Board of Trustees. In order to conclude that the

-4-

Pension Trust is not a business trust, the court reasoned that: (1) the trust was established to secure payment to beneficiaries, (2) its purpose was to preserve the principal of the contribution made by the employer participants and the interest generated by the principal and (3) the purpose of the trust was not to generate income or profit. None of this conclusions are related to the activities of the trust after termination.

The record shows that the Debtor, in its pleadings, referred to sections on the Pension Plan Document that provided the right to terminate the plan and argued that the filing of the petition allowed an orderly termination of the Pension Trust. Nevertheless, the court noted in the *Opinion and Order* that the Debtor's financial difficulties were not directly related to the eligibility of the Debtor to commence a bankruptcy petition; and that the referred sections of the Pension Plan did not affect the eligibility requirement. The court further clarified that Debtor's allegations were directed to the reasons for filing a bankruptcy petition, although the assertions suggested that Debtor was not conducting any business activity but preserving the trust funds, which countered Debtor's allegations as to the trust's "business activities".

Furthermore, Debtor argues that the court failed to discuss in the *Opinion and Order* the offer of proof of "the expert testimony of CPA Luis Carrasquillo". However, the court discussed the proffer in open court and ruled that only part D of the testimony of CPA Luis Carrasquillo addressed the issue of eligibility, but that the proffer was limited to conclusions not supported by specific facts and, therefore, offered no additional assistance to the court.

Misshaping the court's ruling and the facts upon the court's consideration do not constitute "substantial possibility of success on the merits" that may warrant a stay of the proceedings pending appeal. Debtor refers to *In Re Miraj Sons Inc.*, 201 B.R. 23, 26-27 (1996) which considered, in order to determine the likelihood of success on merits of appeal, that the appellant had a substantial case when (1) the case was intricate, (2) the facts were disputed and complex, (3) the applicable law was unsettled, and (4) the application of law to facts was difficult. The referred considerations are not present in the instant case, especially as the case was not intricate, nor the facts were disputed by Beneficiaries/Creditors. In addition, the "unsettled applicability of

the law" referred by Debtor consists of the "temporal constriction" in the court's ruling, that is, the court's "exclusive" consideration of the trust's activities after the termination of the plan, although such limited consideration is not present in the *Opinion and Order*.

b. *Irreparable Harm to Appellant*

The Pension Trust argues that it will suffer irreparable harm if the stay is not granted, as the funds of the trust will be depleted by the Beneficiaries/Creditors in the different state court proceedings and includes the following attachments to support its contention: *Urgent Motion to Order the Consignment of Funds* ("Moción Urgente para Orden de Consignación de Fondos") and *Motion Insisting in Consignment of Funds of the Trust in the Court* ("Moción Insistiendo en que se Consignen Fondos del Fideicomiso en el Tribunal").

"Irreparable harm most often exists were a party has no adequate remedy at law." *Charlesbank Equity Fund II, Ltd. P'ship v. Blinds to Go Inc.* 370 F.3d 151, 162 (1st Cir. 2004). An injury that may be fully remedied by monetary damages does not constitute irreparable harm. *In Re 473 West End Realty Corp.* 507 B.R. 496, 507 (2014) *citing In Re Atkinson*, 2012 Bank. LEXIS 5741, at *10 (Bankr. E.D.N.Y. Dec 11, 2012).

To establish irreparable harm, a stay movant "must demonstrate an injury that is neither remote nor speculative, but actual and imminent*." Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558, 571 (2015), citing *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." (citation omitted) *Revel* at 571.

The court is not swayed that the irreparable harm purported by Debtor cannot be corrected or remedied later by an adequate compensation. Additionally, the consignment of the funds at state court do not implicate an imminent depletion of the funds, nor the documents at record suggest an immediate distribution to Beneficiaries/Creditors.

Conclusion

Considering that Debtor has failed to satisfy the two critical prongs of the standard for stay pending appeal, the *Motion for Stay Pending Appeal* filed by the Catholic School Employees Pension Trust (Docket No. 63) is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 28th day of March, 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge